**Darion POWELL et al., Plaintiffs,**

v.

**John C. FLANIGAN as an individual and in his capacity as Chief of Police of the City of Anchorage, Alaska, and as a member of the class known as Police Officers of the City of Anchorage, and John R. Spencer as an individual and in his capacity as City Attorney of the City of Anchorage, Alaska, and as a member of a class known as the City Attorneys of Anchorage, Defendants.**

**No. A–176–72.**

United States District Court,
D. Alaska.

Nov. 9, 1972.

Stanley P. Cornelius, Anchorage, Alaska, for plaintiffs.

John R. Spencer, City Atty., City of Anchorage, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This matter comes before the Court on motion of plaintiffs for a temporary restraining order. Oral argument was heard November 7, 1972.

The issue before the Court is whether or not this court may properly restrain the enforcement of a certain city ordinance of the City of Anchorage in light of recent pronouncements in this area by the United States Supreme Court.

The ordinance essentially provides that a person may not appear in a licensed bar in such a manner "that the genitalia or pubic area is wholly or substantially exposed to public view." Other subsections of the ordinance extend criminal liability to a licensee of a bar or his employee for permitting a person to appear in the manner defined by the ordinance.

The most recent statements in this area of the law by the United States Supreme Court were set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In the instant case, there are two types of criminal prosecutions sought to be enjoined. One deals with restraining the criminal prosecution which is contemporaneously pending in state district court. The other deals with restraining possible future criminal prosecutions based on the same ordinance. The opinion in *Younger* is based on a fact situation similar to the former. However, it is highly probable that the *Younger* rationale would be applicable to both types of criminal prosecutions. A three judge court recently so held in YWCA of Princeton, New Jersey v. Kugler, D.C., 342 F.Supp. 1048 (1972).

■■ The thrust of *Younger* is that federal courts must not, except under extremely limited circumstances, intervene in state criminal prosecutions. The rule is founded upon the basic doctrine of equity jurisprudence that courts of equity should not act to restrain a criminal prosecution when the moving party has an adequate remedy of law, and will not suffer irreparable harm if equitable relief is denied. Further basis for the rule is an even more vital consideration which reaches to the roots of this nation's federalist form of government. That consideration is the recognition of the right of state and local governments to pursue legitimate governmental interests without federal interference.

■ A long line of United States Supreme Court cases, of which *Younger* is the most recent, have held that no federal injunctive relief is available under the circumstances of this case unless there is irreparable harm which is both great and immediate. In *Younger*, the Court held that no irreparable harm is suffered in the criminal prosecution of a statute, even if the statute "on its face" abridges rights under the First Amendment. There must be a showing of exceptional circumstances, lacking here, such as that the statute is flagrantly and patently unconstitutional, or that there has been bad faith or harassment in the enforcement of the statute. The Court expressly disapproved the dictum in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), which led many courts to the belief that a showing of irreparable harm is made by a mere showing that the statute involved was "on it face" unconstitutional.

■ Without passing on the constitutionality of the ordinance involved in the instant case, the court finds at this juncture of the proceeding that the ordinance is not flagrantly and patently unconstitutional. Nor does the court find that there has been any bad faith or harassment in the enforcement of the ordinance.

Therefore, it is ordered:

That motion of plaintiffs for temporary restraining order is denied.